JENARO PEDRO BERMÚDEZ Y NEGRÓN, ETC., Petitioner and Appellee, v. RAMIRO W. MORALES, Respondent and Appellant.

No. 5492. Argued June 5, 1931.—Decided June 12, 1931.

*M. A. Martínez Dávila* and *A. Porrata Doria* for appellant. *J. A. Hernández Pérez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On September 10, 1925, Jenaro Pedro Bermúdez filed in the District Court of Guayama a petition to establish ownership of a property of forty acres (*cuerdas*), situated in the ward of Yaurel, municipal district of Arroyo. Thereupon it was ordered that proceedings be taken in accordance with the law, and after the proper notices were published Ramiro W. Morales appeared and alleged that the property of forty acres in question formed part of a larger tract, claimed by him in an action which he was prosecuting against Jenaro Bermúdez for the annulment of a certain possessory title proceeding and recovery of the property; and on this ground he opposed the declaration of ownership sought. The dominion title proceeding was thus converted into a contested action.

The petitioner amended his petition and requested the summoning anew not only of the former owners but also of Adolfo Porrata, from whom the property had been acquired by the Spanish Government through administrative execution in 1891. The previous owner was cited, but no

citation was served on either Porrata or his heirs as they could not be located. The petitioner then moved that, since Porrata appeared as registered owner, he should be summoned in accordance with the law in order that the proper cancellation of record could be effected. He invoked the case of *Canino* v. *Registrar*, 31 P.R.R. 413. The court granted this motion.

Thereafter the case went to trial and the court decided the same in favor of the petitioner. Its judgment is based on a careful opinion in which, after recital is made of the pleadings and the evidence introduced by both parties, the following findings appear:

"That the dominion title to the estate, the ownership of which is sought to be recorded, was originally registered in 1880 in the name of Adolfo Porrata Valencia, who had acquired the same by purchase from José Santiago in 1879; that the Spanish Government became the owner of said estate by virtue of an administrative execution proceeding brought against said Adolfo Porrata Valencia to enforce a bond secured by a mortgage on that and another estate belonging to him and executed by said Porrata Valencia as surety for Ildefonso Aguado in connection with the latter's office as Auditor of Revenues of the Humacao and Arroyo Customhouses; that in a subsequent proceeding and as the result of a sale at public auction, the property in question passed to José L. Berríos on October 18, 1893; that José L. Berríos sold his rights and actions in said property to Jenaro Bermúdez, by a deed executed before notary José Mariano Capó on March 24, 1894; that Jenaro Bermúdez held the property until July 3, 1924, when he conveyed the same to the petitioner, Jenaro Pedro Bermúdez Negrón, known as Antonio Bermúdez, pursuant to an exchange in accordance with a deed executed before notary Tomás Bernardini de la Huerta; and ever since that time the said property has been in the possession of the petitioner."

Upon the findings of fact made and in accordance with the law and the jurisprudence, the court held that the petitioner was the owner of the property in question. The opinion concludes thus:

"If we entertained any doubt as to the grounds for a decision between the claim of the petitioner and the opposition of the respond-

ent, it would be dispelled by the testimony of witness Juan Bautista Pérez, 80 years old, introduced by the respondent, who testified that the tract involved had been sold by José de Santiago to Felipe de Jesús and that the latter or his relatives returned it to José de Santiago, because he had become insane and could not pay for it, thus corroborating a material fact of the evidence of the petitioner to the effect that the first possessor had been José de Santiago and not Felipe de Jesús, as had been alleged by the respondent who, therefore, has failed to show to the satisfaction of the court his ground for intervening and requesting that the claim of the petitioner be denied. The documentary evidence of the petitioner clearly shows that the tract, the object of the present proceeding, has been lawfully conveyed, throughout the period of 46 years, to successive grantees until it finally came into the possession of the petitioner.''

The appellant has assigned two errors, viz.: That the court erred in finding that the petitioner had shown his possession of the tract for more than thirty years, and in finding that the possession had not been interrupted.

In his argument under the first assignment, the appellant maintains that the documentary evidence introduced refers to another piece of property and that in any event, as the property was already recorded, the proceeding to establish ownership does not lie.

Really, some discrepancies are noticeable between the descriptions of the tract contained in the documents: one very small as to area and others as regards the boundaries. That respecting the area is negligible, and those relating to the boundaries can be explained by the change of owners of the adjacent tenements. A careful study will convince the judge that there is only one property involved.

As to the inapplicability of the dominion title proceeding, we think that the *Canino* case, *supra,* settles the question and upholds the trial court. The following doctrine was there laid down:

''In a dominion title proceeding the cancellation of a contradictory record of possession may be obtained without the necessity of resorting to the proceeding established by article 393 of the Mortgage Law, provided that the interested persons who may be prejudiced

by the cancellation, or their successors in interest, are summoned in the dominion title proceeding.''

In the instant case the interested parties were cited in accordance with the statute.

Ordinarily, where an estate is recorded the supplemental remedy of the dominion title proceeding provided by the Mortgage Law is not resorted to, but in cases like the present one where the registration dates from 1880, and various transfers have since occurred which would be difficult to reconstruct for the purpose of recording them, there is justification in having recourse to such supplemental remedy. In *Wiscovich* v. *Registrar of San Germán,* 30 P.R.R. 122, this Court said:

''When the possession or ownership of a property is recorded in the registry in the name of a person other than the actual owner, who finds it is impossible, difficult or expensive to obtain a written recordable title from such person, the said owner may avail himself of the means supplied by article 390 of the Mortgage Law, and in such a case the proceedings established by article 393 of the Mortgage Law must be followed from the beginning.''

In arguing the second assignment of error, the appellant maintains that the possession of the petitioner was interrupted by the action referred to by the respondent, brought in 1920 and still pending.

In the first place, the evidence shows that the same tract was not involved there; but even if it was, the evidence would always show that at the time that action was commenced, in 1920, the predecessor in interest of the petitioner had already acquired by extraordinary prescription a good dominion title to the tract adverse to that held by the appellant.

Regarding the claim that the petitioner can not allege good faith because he bought in 1924 after the commencement of the action, it will be sufficient to say that, as far as he is concerned, the said action can not be taken into consideration for the purpose of interrupting the prescription, because the complaint by which it was initiated had not been recorded in

the registry. Section 91 of the Code of Civil Procedure read as follows:

"In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby. From the time of filing such notice of record only shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency (of the action, and only of its pendency) against parties designated by their real names."

For further illustration on the matter of the interruption of the period required for prescription, see the decision of this Court in *Calderón* v. *Sociedad de Auxilio Mutuo*, decided on the 10th of the instant June (*ante*, p. 400).

The judgment appealed from must be affirmed.